## No. 455

### CHESAPEAKE & OHIO R. CO. v. COLE et al

Ohio Court of Appeals, First District, Hamilton County

No. 2060. Decided April 9, 1923

DEMURRAGE—(1) Requirement imposed by Interstate Commerce Commission—(2) Private sidetrack defined—(3) Notice required before railroad entitled to demurrage.

CUSHING, J.

#### Epitomized Opinion

Crane & Co., a partnership, was engaged in the lumber business in Cincinnati. The concern also owned about 25,000 acres of timberland in West Virginia. From 1909 until 1918 they had a contract with the C. & O. Railroad for the hauling of logs from this timberland to Cincinnati. In December, 1917, and Januaary, 1918, the firm shipped logs and sand from West Virginia to Brent, Ky. The cars containing the same were placed on a siding constructed and owned by the railroad at Brent, Ky. As the Ohio River was frozen over, the logs were not unloaded for some time. No notice was given to the partnership of the arrival of the logs. Later the railroad company sued to recover demurrage amounting to $3,379 on the theory that notice was not required on account of a long established custom between the railroad and the partnership. As the judgment was rendered for Crane & Co., the railroad company prosecuted error. In sustaining the lower court, the Court of Appeals held:

1. Demurrage does not arise on contract or out of tort but is a requirement imposed by the Interstate Commerce Commission having the force and effect of law.

2. A private sidetrack is one that is outside the carrier's right of way, yard and terminals and of which the railroad company does not own either the rails, ties, roadbed or right of way; and as the facts do not disclose such a sidetrack in this case, it cannot be said to be a private sidetrack.

3. Under Interstate Commerce Commission's rules, written notice of the arrival and placement of cars is a condition precedent to the right of the railroad company to recover demurrage, and this is true, although the sidetrack in question is used exclusively for the business of the consignee.

Attotrneys—Freiberg & Geoghegan, for Railroad; Stephens, Lincoln & Stephens, for Cole, et al.

## No. 456

### WHISTLE CO. OF OHIO v. SCHUELER

Ohio Appeals, Second District, Franklin County
No. 1037. Rendered May 16, 1923

LEASE—(1) Forfeiture of for non-payment of rent —Equity will refrain from, upon tender of with interest—(2) Owner estopped to complain of known alterations not objected to—(3) Removal of alterations prevents forfeiture on account of.
Ferneding, C. J., Kunkle and Allread, JJ.

BY THE COURT.

#### Epitomized Opinion

Appeal from the Franklin County Common Pleas; action brought to enjoin defendant, the owner of the premises, from enforcing an alleged forfeiture of lease, on the grounds, alleged in pleadings, of (1) Non-payment of rent. (2) Alterations made in violation of the terms of the lease. The rent was due Dec. 10, but overlooked and tendered Dec. 15. Payment of subsequent rent, with interest, was tendered, strictly according to the lease, each month. The Court of Appeals held as follows, sustaining Judge E. B. Kinkead, the trial judge:

1. It is well settled that a lease will not be forfeited for the non-payment of rent, where the same is thereafter tendered with interest, the theory being that compensation can then be made for the particular sum, and that equity will, upon its tender thereof, relieve against the forfeiture.

2. The testimony fairly shows that the owner knew of making the alterations, made no objection thereto, but acquiesced therein, during their construction, as it was his duty to do promptly, when he saw the plaintiff expending the money. His failure to do so constituted an estoppel.

3. It appearing that, since the decision below, the plaintiff has entirely removed the alternations, and restored the building, and a court of equity will not decree a forfeiture because of them.

Attorneys—James S. Westenhaver, for plaintiff; Pugh and Pugh, Contra.

## No. 457

### ISABELLA WALSH v. MURMAN

Ohio Appeals, Second District, Franklin County
Rendered May 23, 1923

Ferneding, C. J., Kunkle and Allread, JJ.

AUTOMOBILES—Employer not liable for accident, when taxicab driver, without leave, uses car to drive home another employe.

BY THE COURT.

#### Epitomized Opinion

E. R. McCormack was employed by Murman as a taxicab driver, and in the absence of Murman took the car and drove it on an errand to take another employe home, solely as a personal accommodation to the passenger. This was in violation of the rules and orders of the employer, entirely outside of any of employer's business. The Common Pleas. Judge E. B. Kinkead, at the close of plaintiff's evidence, instructed a verdict for defendant, under authority of the Cole case, 88 OS. 16. The Court of Appeals, in affirming the Common Pleas, held that the case was controlled by the Cole case, which had been recently approved in the Bretzfelder case, 102 OS. 105, and was in accord with the Stewart case, 22 CC. (NS.) 588. It also differentiated the Rosenberg case, 11 O. App. 66.

Attorneys—H. A. Toland, for Walsh; Thomas H. Clark, Contra.